IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY DEMANDED** |
| | ) | |

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.* This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, JEFFREY JORDAN, has fully complied with the procedural requirements of the ADA. He filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff, JEFFREY JORDAN (hereinafter "Jordan" or "Plaintiff"), was employed by the Defendant CITY OF CHICAGO (hereinafter "City" or "Defendant") as an electrical mechanic at the City's Department of Aviation.

5. At all times herein mentioned the Defendant was and is believed and alleged hereon to be a political division of the State of Illinois, existing as such under the laws of the

State of Illinois. At all relevant times, the Defendant maintained, managed, and/or operated the City of Chicago Department of Aviation. Defendant is also an employer subject to suit under the ADA in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6. Plaintiff began his employment with Defendant on June 2, 1980.

7. Plaintiff began working in June 1980 as an electrical mechanic at City's police department.

8. Sometime after this date, Plaintiff was transferred to Defendant's Department of Aviation located at O'Hare Airport. Plaintiff continued to work as an electrical mechanic, unless indicated to the contrary, at all relevant material times.

9. At all material times, Plaintiff performed his job according to his employer's legitimate expectations.

10. In January 1998 Plaintiff was injured on the job. Shortly thereafter Plaintiff was placed out on "duty disability leave" or "DDL".

11. In March 1998 Plaintiff applied for workers compensation.

12. While Plaintiff was out on "DDL" he underwent multiple back surgeries and a spinal fusion.

13. In or around 2010 Plaintiff began to seek input about how he could return to work full-time and taken off "DDL".

14. Plaintiff spoke to Ms. Josephine Love at the Defendant's Department of Aviation, who was the personal assistant to the head of the personnel Department for the City's Department of Aviation.

15. After multiple attempts, Ms. Love informed Plaintiff that he would need to complete a number of steps before Plaintiff could return to work. These included: (1) settling Plaintiff's worker's compensation claim with the City; (2) obtaining a doctor's release to full duty; and (3) delivering the release in-person to Ms. Love at the O'hare Aviation Office.

16. Plaintiff thereby settled his worker's compensation with the City.

17. He also received a release from his doctor allowing him to return to work without restrictions as of January 30, 2012.

18. That same day Plaintiff delivered his doctor's release to Ms. Love.

19. Despite completing these steps, Plaintiff was informed by Defendant, by and through the Department of Aviation, that Plaintiff "could not return to work because of the severity of his injuries."

20. Plaintiff was not informed nor made aware that this was the reason Defendant refused to allow him to return to work until in or around February 2013.

21. Plaintiff was perceived as being disabled because of his back injury and subsequent related back surgeries and spinal fusion.

22. Defendant barred and refused to allow Plaintiff to return to full-time work beginning in or around January 2012 despite providing Defendant with a doctor's note releasing him to return to work without restrictions.

23. Defendant's reason for barring and refusing to allow Plaintiff to return to work was false and merely pretext for illegal discrimination.

24. Similarly situated employees who were not perceived as being disabled were treated more favorably than Plaintiff and/or had less stringent requirements in order to return to work or considered for employment with Defendant.

25. Plaintiff was barred from returning to work in or around January 2012 because Defendant perceived him as having a disability.

26. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

27. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

<u>**COUNT I**</u>
**PLAINTIFF AGAINST DEFENDANT FOR**
**DISCRIMINATION ON THE BASIS OF PLAINTIFF'S**
**PERCEIVED DIASBILITY IN VIOLATION OF THE ADA**

28. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

29. Plaintiff was perceived as disabled in that he had extensive time on "DDL" due to a back injury that required multiple surgeries and spinal fusion.

30. Plaintiff was qualified for the job he held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

31. Despite Defendant's qualifications and job performance, he was discriminated against by Defendant because he was perceived as disabled.

32. Defendant's discrimination against Plaintiff was intentional.

33. Defendant discriminated against Plaintiff in the terms and conditions of his employment in that he was barred from returning to work from in or about January 2012 to in or about January 2014.

34. Similarly situated employees who were not perceived as being disabled were not subjected to the same terms and conditions of employment as was Plaintiff.

35. Defendant's reason for barring Plaintiff from returning to work was false and merely pretext for illegal discrimination.

36. Defendant's actions, as described above, are in violation of the ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his perceived disability.

37. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, lost benefits, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JEFFREY JORDAN, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

  B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

  C. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

  D. That the Court grant such other and further relief as the Court may deem just or equitable.

          BY: s/ Jonathan D. Wassell
             Jonathan D. Wassell
             ED FOX & ASSOCIATES
             Attorneys for Plaintiff
             300 West Adams
             Suite 330
             Chicago, Illinois 60606
             (312) 345-8877
             jwassell@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/ Jonathan D. Wassell
                   Jonathan D. Wassell
                   ED FOX & ASSOCIATES
                   Attorneys for Plaintiff
                   300 West Adams
                   Suite 330
                   Chicago, Illinois 60606
                   (312) 345-8877
                   jwassell@efox-law.com