IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY JORDAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, )<br>)<br>Defendant. ) | Case No.: 14 CV 3074<br><br>Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiff alleges discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.* This matter is before the Court on Defendant's motion to dismiss. For the reasons stated below, the Court grants Defendant's motion.

**I.  Background[1]**

---

[1] For the purposes of Defendant's motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). It also takes judicial notice of the EEOC charge attached to Defendant's motion to dismiss. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). An EEOC charge is central to the claim because it is a prerequisite to filing a complaint. See *Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 480 (7th Cir. 2012). The complaint refers to filing a charge with the EEOC, and Plaintiff's response motion does not dispute the accuracy or completeness of the attached EEOC charge. Accordingly, the court assumes as true the facts set forth in the EEOC charge. See *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010); *Reliford v. United Parcel Serv.*, 2008 WL 4865987, at *1 n.1 (N.D. Ill. July 8, 2008); *Drebing v. Provo Grp., Inc.*, 494 F. Supp. 2d 910, 912 (N.D. Ill. 2007).

Plaintiff began working for the City of Chicago in 1980 as an electrical mechanic in the Department of Aviation. He was injured on the job eight years later and placed on duty disability leave ("DDL") shortly thereafter. Compl. at ¶ 10. He applied for workers compensation in March 1998 and, while on leave, underwent multiple back surgeries and a spinal infusion.

Approximately twelve years later in 2010, Plaintiff asked the Department of Aviation about the process for reinstatement. Josephine Love, the personal assistant to the head of the personnel department for the Department of Aviation, informed Plaintiff that he needed to complete three steps: (1) settle his worker's compensation claim with the City; (2) obtain a doctor's release to full duty; and (3) deliver the release in-person to Love.

Although Plaintiff completed these steps by January 30, 2012, the City declined to reinstate him. Love attributed the rejection to a provision in the settlement agreement, which prevented the Department from reinstating him. But on February 14, 2013, Plaintiff allegedly discovered the real reason behind his rejection. In a written statement to his union, the City explained that it rejected him because it perceived his injuries to be quasi-permanent. Plaintiff then filed a charge with the EEOC on January 13, 2014. After receiving a right to sue letter, he filed this action, alleging discrimination under the ADA, 42 U.S.C. §12101 *et seq.*

## II.     Legal Standard On Motion To Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth*, 507 F.3d at 618. To survive a Rule 12(b)(6) motion to dismiss, the

claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

### III. Analysis

Defendant argues that Plaintiff's claim is time-barred. A statute of limitations is an affirmative defense. Fed. R. Civ. Pro 8(c). Generally, a complaint need not anticipate defenses, and resolution of a statute of limitations follows the complaint stage. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). This rule is subject to an exception. "The statute of limitations issue may be resolved definitively on the face of the

3

complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *Id.* (citation omitted).

To bring an action in federal court under the ADA, an Illinois plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 200e-5(e); see 42 U.S.C § 12117(a) (incorporating 42 U.S.C. § 200e-5(e)). This statute of limitations is subject to tolling mechanisms, including the discovery rule and the doctrine of equitable tolling. "The discovery rule postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that he has been injured." *Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 480 (7th Cir. 2012). The doctrine of equitable tolling "may extend the statute of limitations if, despite all due diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005) (citation omitted). Equitable tolling extends a statute of limitations until "a reasonable person in the plaintiff's position would have been aware of the *possibility* that he had suffered an adverse employment action because of illegal discrimination." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860-61 (7th Cir. 2005).

Defendant argues that the statute of limitations began to run when the City declined to reinstate him on January 30, 2012. Plaintiff argues that the statute began to run on February 14, 2013, when he discovered that the City's decision was based on perceived disability. He alternatively argues that the statute should be equitably tolled until that same date. Assuming that Plaintiff is correct under either theory, the complaint still would be time-barred; Plaintiff filed the EEOC charge more than 300 days after February 14, 2013. Failure to file a timely complaint with the EEOC precludes this lawsuit.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss [12].

Dated: 12/8/2014  
                                                                _____  
                                                                Robert M. Dow, Jr.  
                                                                United States District Judge